60 F.3d 822
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 HARTFORD FIRE INSURANCE COMPANY, Plaintiff-Appellee,
v.
HAYES & LUNSFORD ELECTRICAL CONTRACTORS, Incorporated;
Cullum Mechanical Construction, Incorporated;
Mechanical Industries, Incorporated,
Defendants-Appellants,
and CENTRAL CAROLINA SPRINKLER COMPANY, Incorporated;
Leader Construction Company, Incorporated;
Richard D. Medlin; Cyllene M. Medlin, Defendants.
 No. 94-2559.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 20, 1995.
Decided July 14, 1995.
 
 M. Charles Cloninger, McGuire, Wood & Bissette, P.A., Asheville, NC, for Appellants.
 L. Franklin Elmore, Ogletree, Deakins, Nash, Smoak & Stewart, L.L.P., Greenville, SC; C. Hamilton Jarrett, Ogletree, Deakins, Nash, Smoak & Stewart, L.L.P., Raleigh, NC, for Appellee.
 Before ERVIN, Chief Judge, HAMILTON, Circuit Judge, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The Appellants, Hayes & Lunsford Electrical Contractors, Inc., Cullum Mechanical Construction, Inc., and Mechanical Industries, Inc., appeal the district court's grant of summary judgment in favor of Hartford Insurance Company (Hartford). The Appellants sought to impose liability upon Hartford pursuant to a performance bond in which Hartford, as surety, guaranteed to Buncombe County, North Carolina, the performance of a contractor whose substantial delays in completing a construction project caused consequential damages to the Appellants. The district court held that the Appellants failed to establish any basis for liability by Hartford. Finding no reversible error, we affirm.
 
 
 2
 Buncombe County awarded multiple prime contracts for the construction of a prison. For such projects, North Carolina law requires that the governmental contracting authority award multiple prime contracts directly to the various specialty trade sub-contractors, as opposed to the general practice of entering into one "prime" contract with a general contractor who, in turn, hires the necessary subcontractors. N.C. GEN. STAT. Sec. 143-128 (1993).
 
 
 3
 Pursuant to this statute, Buncombe County awarded contracts to Hayes & Lunsford Electrical for electrical work, to Cullum Mechanical Construction for heating and air conditioning work, to Mechanical Industries for plumbing work, to Carolina Sprinkler Company for fire protection and sprinkler work, and to Leader Construction for general construction. Neither Leader nor Carolina Sprinkler are involved in this appeal. Leader's contract required it to be the project expeditor, which involved project scheduling, coordinating the work of the other contractors, and expediting the project for timely performance and completion.
 
 
 4
 Appellee Hartford provided a statutory performance bond in favor of the contracting body, Buncombe County, pursuant to N.C. GEN. STAT. Sec. 44A-26 (1989). Hartford, as surety, guaranteed to Buncombe County the faithful performance of the principal contractor and project expeditor, Leader Construction.
 
 
 5
 The construction of the jail suffered from substantial delays, admittedly the fault of Leader, resulting in consequential damages to many contractors, including the Appellants. Hartford filed a declaratory judgment action seeking adjudication of its rights and obligations relating to the Appellants. Both sides moved for summary judgment, and the district court found that the Appellants failed to establish a basis for liability. This appeal followed.
 
 
 6
 The Appellants base their right to recover against the payment bond on article 7.24 of the general construction contract. The Appellants contend that the intent of the parties was to provide the Appellants with a cause of action on the performance bond for breaches by any co-prime contractor. They assert that the first paragraph[1] of article 7.24 is a "hold harmless" clause that shields Buncombe County from liability for breaches by the co-prime contractors. They contend that absent the hold harmless clause they would have a cause of action against Buncombe County for the delays caused by other prime contractors on the project, even though no fault for the delay was attributed to Buncombe County. The Appellants assert that in exchange for forfeiting their right to recover against Buncombe County, the second paragraph[2] of Article 7.24 assigns them Buncombe County's rights against the performance bond.
 
 
 7
 The Appellants, however, cite no persuasive authority for the proposition that they have a common law right to recover from Buncombe County for the breach of contract by Leader. Moreover, they fail to persuade us, in any event, that any rights flowing from Buncombe County to the Appellants by virtue of the assignment language in the second paragraph include Buncombe County's rights against the performance bond. The parties are in agreement that none of the provisions of the contract can be read in isolation, but rather must be read in conjunction with the language of the bond and the North Carolina statutory provisions governing the issuance of the performance bond, because those provisions are part of the parties' overall agreement.
 
 
 8
 Appellants point to language from the second paragraph of article 7.24 referencing Buncombe County's assignment of "any and all rights of action it now has or may have in the future against any other Contractor or any subcontractor, sub-subcontractor, or material supplier of such other Contractor." Hartford, however, is not a contractor, subcontractor, or party which could be responsible for any damages on the project. Thus, nothing in the second paragraph assigns the Appellants Buncombe County's rights against the bond.
 
 
 9
 The Appellants also claim, however, that the language in the bond bolsters their assignment argument. The pertinent section provides: "No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of the Owner." The Appellants assert that they are "successors" under the bond because of the assignment by Buncombe County of its right to recover against any contractor, subcontractor or material supplier. This argument is misplaced because the bond does not establish that one who receives an assignment is considered a "successor." To the contrary, the document provides that it binds Hartford and Leader and "their heirs, executors, administrators, successors, and assigns." The parties' separate use of "successors" and "assigns" signifies that they attached independent meanings to the two words.
 
 
 10
 Appellants also claim that the third paragraph[3] of article 7.24 makes them third party beneficiaries of the performance bond. "It is well settled in North Carolina that where a contract between two parties is entered into for the benefit of a third party, the latter may maintain an action for its breach or in tort if he has been injured as a result of its negligent performance." Johnson v. Wall, 248 S.E.2d 571, 573-74 (N.C.Ct.App.1978). However, a mere incidental beneficiary to a contract acquires no right against the promisor or the promisee. Matternes v. Winston-Salem, 209 S.E.2d 481, 487 (N.C.1974). "[W]hether a contract was intended for the benefit of a third party is generally regarded as one of construction of the contract. The intention of the parties in this respect is determined by the provisions of the contract, construed in light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish." Johnson, 248 S.E.2d at 574.
 
 
 11
 While it is clear that the language in the third paragraph of article 7.24 creates third-party beneficiary status in favor of Appellants, this status is limited to the general contract of which article 7.24 is a part. Article 7.24 does not evidence intent to make the Appellants third party beneficiaries of the performance bond. If it did, it would contravene the intent of the North Carolina Legislature expressed by N.C. GEN. STAT. Sec. 44A-26(a) (1989). As found by the district court, Sec. 44A-26(a) seeks to protect governmental entities from financial hardship by providing that performance bonds issued under public contracts "shall be solely for the protection of the contracting body which awarded the contract." In the instant case, Buncombe County awarded the contract to Leader Construction for which Hartford served as surety. As the district court reasoned, if the performance bond were indeed for the benefit only of Buncombe County as the contracting body, it could not also have been for the benefit of the Appellants as third-party beneficiaries.
 
 
 12
 Because Leader Construction's contract with Buncombe County does not grant the Appellants the right to recover against the performance bond, and such claims are precluded by N.C. GEN. STAT. Sec. 44A-26(a)(1) (1989), we agree with the district court that the bond created obligations solely in favor of Buncombe County as the contracting body and was not executed for the benefit of the Appellants. Accordingly, the district court's order granting Hartford's motion for summary judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The first paragraph provides as follows:
 The Contractor shall indemnify and hold the Owner, Architect, and Construction Consultant and their agents and employees harmless against all claims by the Contractor or any subcontractor, sub-subcontractor or material supplier engaged by or employed by him or any of his subcontractors or claiming through him, damages, losses and expenses, including attorney's fees, arising out of or relating to any inconvenience, delay, interference of other action or non-action of another Contractor on the Project or any subcontractor, sub-subcontractor or material suppliers of another Contractor or any other party, and the Contractor shall make no claim against the Owner, Architect or Construction Consultant with respect to any such claim, damage, loss or expense.
 
 
 [2]
 The second paragraph provides as follows:
 Notwithstanding the above, the Owner hereby assigns to the Contractor any and all rights of action it now has or may have in the future against any other Contractor or any subcontractor, sub-subcontractor or material supplier of such other Contractor or other party for damages, losses or expenses to the Contractor, his subcontractors, sub-subcontractors or material suppliers for which, but for the immediately preceding paragraph, the Owner may have been liable by reason of any inconvenience, delay, interference or other action or non-action of any other Contractor or any subcontractor, sub-subcontractor or supplier of said other Contractor.
 
 
 [3]
 The third paragraph provides as follows:
 The purpose and intent of the foregoing is to enable any party contractually involved in the Project who claims damage, loss or expense caused by any other party contractually involved to have a direct contractual cause of action against said other party without making any claim against the Owner, Architect, or Construction Consultant. For this purpose and this purpose only, all other Contractors on the Project and their subcontractors, subcontractors or material suppliers are deemed to be third party beneficiaries of this Agreement.